BRETT SCHUMAN, (SBN 189247)
*BSchuman@goodwinlaw.com*
SHARON R. SMITH, (SBN 221428)
*SharonSmith@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Plaintiff
NGL LABS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NGL LABS, LLC,

Plaintiff,

v.

ICONIC HEARTS HOLDINGS INC.,

Defendant.

Case No. 2:24-cv-827

**COMPLAINT**

NGL Labs, LLC ("NGL" or "Plaintiff"), asserts this Complaint against Defendant Iconic Hearts Holdings Inc. ("Iconic Hearts" or "Defendant"), and pursuant to 17 U.S.C. § 501, states as follows:

**NATURE OF THE LAWSUIT**

1. This case is about Defendant illegally using the copyrighted computer software code owned by Plaintiff NGL for its Send-it app, which competes with NGL's app.

2. NGL brings his action to stop Iconic Hearts from continuing to infringe NGL's copyrighted works and for the damages caused by this infringement.

///

///

**PARTIES**

3. Plaintiff NGL Labs, LLC, is a Delaware limited liability corporation with its principal place of business located at 253 North La Peer Drive, Beverly Hills, CA 90211.

4. Defendant Iconic Hearts Holdings Inc. is a Delaware corporation with a principal executive office at 8461-8463 Higuera Street, Bldg. 1, Culver City, CA 90232. Iconic Hearts also maintains a business office in Santa Monica, CA.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction because this litigation arises under the federal Copyright Act, 17 U.S.C. §§ 101, *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Iconic Hearts. During all times relevant to this Complaint, Iconic Hearts conducted substantial and not isolated business activities within the State of California and within this District. For example, Iconic Hearts directly conducted business on its Send-It app through employees and agents in Santa Monica, CA. Iconic Hearts used the infringing works in this District in its Send-it app, which is developed in Santa Monica, CA.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to NGL's claim occurred in this District, where NGL's principal place of business is located.

**FACTUAL ALLEGATIONS**

9. Iconic Hearts and NGL are competitors in the anonymous app messaging space. On or about Spring 2021, Iconic Hearts' "Send-it" app was originally available for the Snapchat platform only as a mobile application that was unsuccessful by all measures.

10. David Tesler did computer coding work for Iconic Hearts during the time period when Iconic Hearts was building Send-it for Snapchat. All computing

coding work done by David Tesler for Iconic Hearts, however, starting on July 2, 2020 was owned by David Tesler because the work was done without any agreement or assignment to Iconic Hearts.

11. On or about Spring 2021, Iconic Hearts released "engagement messages" to users within the Send-it app, infringing NGL's copyrights. Soon thereafter Iconic Hearts had explosive growth in its Send-it app.

12. On or about Spring 2021, Iconic Hearts released "hints" to users within the Send-it app, infringing NGL's copyrights. Thereafter, Iconic Hearts' modest revenues saw further explosive growth.

13. On or about December 2021, Plaintiff launched its NGL app for Instagram. The NGL app become wildly popular and successful. By June 2022, NGL became the #1 most popular app in the Apple App Store.

14. With the success of NGL's app on Instagram, Iconic Hearts wanted to launch a Instagram version of its Send-it app. But Iconic Hearts' engineers could not figure out how to solve certain technical challenges relating to the Instagram platform.

15. In June 2022, Iconic Hearts turned to a software engineer named David Tesler to try to solve the technical challenges that Iconic Hearts could not solve itself. David Tesler had previously worked for Iconic Hearts but, by July 2022, was no longer doing any work for the company. In June 2022, Tesler wrote the code that solved these challenges for Iconic Hearts, thereby allowing Iconic Hearts to launch Send-it for Instagram on or about June 23, 2022.

16. In June 2022, when Tesler did this work for Iconic Hearts, he had no agreements with Iconic Hearts regarding confidentiality or assignment of his rights to the code that he wrote. Tesler was not paid anything for his work in June 2022. Tesler wrote other code for Iconic Hearts without any agreement to assign his rights in that code to Iconic Hearts.

///

17. David Tesler assigned all of his right, title and interest in this computer code, which he authored, owned and wrote for Iconic Hearts, to NGL. As a result, NGL is the owner of all claims for accrued past, present and future copyright infringement per the terms of the assignment.

18. NGL's computer source code is protected by United States copyright law. NGL has registered this computer code with David Tesler as the author and original owner, and NGL as the owner by written agreement.

19. Iconic Hearts infringed at least four copyrighted works owned by NGL including:

(1) "Dice List Source Code," which is registered with the Copyright Office under Registration No. TX-000-9351-673;

(2) "Hint Source Code," which is registered with the Copyright Office under Registration No. TX-000-9351-671;

(3) "Engagement Messages (backend code- posts-manager) Source Code," which is registered with the Copyright Office under Registration No. TX-000-9351-680;

and

(4) "Full Repo Sendit-EP-Service Source Code," which is registered with the Copyright Office under Registration No. TX-000-9351-675.

20. Iconic Hearts' infringes these four source code works with its hints, engagement messages and combinations thereof. A significant part of Iconic Hearts' revenue comes from sending users automated "bot" engagement messages, then charging the users a fee to see a "hint" as to who sent this bot message. The deceptive and fraudulent behavior tarnished the reputations of other applications in the space, including NGL. On top of being deceptive and fraudulent to users, this behavior also utilizes NGL's copyrights in unauthorized ways.

///

///

///

///

21. Iconic Hearts continues to infringe NGL's copyrights and derive significant financial benefit. Per public estimates, Iconic Hearts receives over one million dollars in revenue per month, a significant part of which is from hints and engagement messages, which are based on infringing NGL's copyrighted works.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement, 17 U.S.C. §§ 101, *et seq.***

22. NGL repeats and realleges the allegations contained in Paragraphs 1 through 21 as if set forth fully herein.

23. NGL's four source code works are original and creative expressive works that constitute copyrightable subject matter under 17 U.S.C. §§ 101, *et seq*. NGL owns and has owned all rights and privileges in these works in the accrued claims before and after the Effective Date of the copyright Assignment.

24. NGL owns valid and subsisting U.S. copyright registrations protecting the NGL Code.

25. The copyright registrations for each of the four works exclude material that is not claimed as NGL's copyright and/or is not copyrightable.

26. Iconic Hearts had access to NGL's copyrighted source code and incorporated it into its Send-It app.

27. Defendant deliberately and intentionally copied protectable expression owned by NGL in the four source code works without authorization or consent in the manner complained of herein.

28. By its actions described above, Defendant has infringed NGL's copyrights by, without limitation, copying, making derivative works of, publicly displaying, and/or distributing the NGL Code, without authorization from NGL.

29. Defendant's infringement has been deliberate and with willful disregard of NGL's rights. Defendant knew that its conduct was an infringement of NGL's copyrights in the NGL code or, at the very least, acted in reckless disregard of NGL's copyrights.

30. As a direct result of Defendant's infringement, pursuant to 17 U.S.C. § 504(b), NGL is entitled to actual damages and any profits of Defendant that are attributable to its infringement and are not taken into account in computing the actual damages. NGL's actual damages and Defendant's profits are not currently ascertainable and will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c)(2), NGL may be entitled to statutory damages, in an amount to be proven at trial, and damages for Defendant's willful copyright infringement, and for the continuing infringement that is occurring and will occur in the future.

31. NGL is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

32. Defendant's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, NGL great and irreparable injury that cannot fully be compensated or measured in money. Pursuant to 17 U.S.C. §§ 502 and 503, NGL is entitled to injunctive relief (i) prohibiting Defendant from further infringing NGL's copyrights; and (ii) ordering Defendant to destroy all copies of any infringing materials in Defendant's possession, including, but not limited to, any copies of the NGL Code.

## PRAYER FOR RELIEF

WHEREFORE, NGL requests the following relief in this case:

A. A declaration that the actions of Defendant, as set out above, violate the Copyright Act;

B. An award of damages in an amount to be proven at trial;

C. An award equal to Defendant's profits relating to any of Defendant's products using NGL's copyrighted code that Defendant copied, created, or derived from the NGL Code including but not limited to infringement through engagement messages and hints;

D. Alternatively, and at NGL's election, an award of statutory damages for copyright infringement pursuant to 17 U.S.C. § 504(c), such award

being equal to the maximum amount allowed under the statute for willful infringement;

E. An award for willful infringement;

F. That Defendant be preliminarily and permanently enjoined from further infringement of NGL's copyrights;

G. An order requiring Defendant to destroy all copies of any infringing materials in Defendant's possession, including, but not limited to, any copies of the NGL Code copied or derived from the NGL Code;

H. An award of NGL's attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

I. Any other such relief to NGL as this Court deems just.

**DEMAND FOR JURY TRIAL**

NGL respectfully demands a jury trial on all issues and claims so triable.

Dated: January 30, 2024

GOODWIN PROCTER LLP

By: */s/ Brett Schuman*

Brett Schuman
*BSchuman@goodwinlaw.com*
Sharon R. Smith
*SharonSmith@goodwinlaw.com*
Three Embarcadero Center,
28th Floor
San Francisco, CA 94111
Phone: 415-733-6021

Attorneys for Plaintiff
NGL LABS, LLC